UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ADAM BATTLE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-00946 |
| | ) | CHIEF JUDGE CRENSHAW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Before the Court is Petitioner's Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 4); the Government's response (Doc. No. 9); the Petitioner's supplemental brief (Doc. No. 12); and the Government's supplemental brief (Doc. No. 13). As explained below, the Court will deny Petitioner's § 2255 Motion because he validly waived the right to collaterally attack his sentence in his plea agreement.

I.  Background

In criminal case number 3:09-cr-00240-7, Petitioner was charged with multiple crimes. (Case No. 3:09-cr-00240-7, Doc. No. 708.) On January 5, 2011, pursuant to a Rule 11(c)(1)(C) Plea Agreement, Petitioner pleaded guilty to Counts 3 through 14 – namely, (1) five counts of Hobbs Act robbery, 18 U.S.C. § 1951; (2) one count of possession and discharge of a firearm in furtherance of a crime of violence (Hobbs Act robbery), 18 U.S.C. § 924(c)(1)(A)(iii); (3) four counts of possession and/or brandishing of a firearm in furtherance of a crime of violence (Hobbs Act robbery), 18 U.S.C. § 924(c)(1)(A); (4) one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g); and (5) one count of being a felon in possession of a stolen firearm, 18 U.S.C. § 922(j). (Case No. 3:09-cr-00240-7, Doc. No. 1024.) Petitioner's Rule 11(c)(1)(C) Plea

Agreement recited a factual basis for his guilty plea and set forth an agreed-upon sentencing range. (Id.) The Plea Agreement also contained a detailed waiver of appellate and post-conviction rights that provides, among other things, that Petitioner "knowingly waive[d] the right to challenge that agreed sentence in a collateral attack including, but not limited to, *a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c).*" (Id. at 24 (emphasis added).) Petitioner certified that he had read the Plea Agreement, reviewed it with his attorney, understood it, and voluntarily agreed to it.

On May 16, 2014, Petitioner was sentenced to 12 months on Counts 3, 5, 7, 9, 11, 12 and 13, to run concurrently; 36 months on Count 4, to run consecutively; 24 months on Count 6, to run consecutively; 36 months on Count 8, to run consecutively; 36 months on Count 10, to run consecutively; and 36 months on Count 14, to run consecutively, for a total of 180 months of imprisonment. (Case No. 3:08-cr-00240-1, Doc. No. 896.) This sentence was jointly recommended by the parties at the sentencing hearing and was actually a departure downward from the agreed-upon sentencing range in the Rule 11(c)(1)(C) Plea Agreement (i.e., 216-264 months). (Doc. No. 9 at 1.) Petitioner did not appeal his conviction or sentence.

Petitioner filed this § 2255 Motion pro se on May 23, 2016. (Doc. No. 1.) Petitioner thereafter retained counsel and the Court ordered briefing. This matter was subsequently transferred to the docket of the undersigned.

II. Analysis

Petitioner's § 2255 Motion seeks relief on the ground that his sentence was enhanced by the application of 18 U.S.C. § 924(c)'s mandatory sentence structure imposed when a defendant possesses a firearm in furtherance of a "crime of violence," a term that has a definition that is almost identical to that in the Armed Career Criminal Act found unconstitutionally vague in

Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner contends that "his underlying offense could only be considered a 'crime of violence' under the now unconstitutional residual clause contained in that definition." (Doc. No. 4 at 1.)

A. Waiver

It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Furthermore, the Court of Appeals for the Sixth Circuit has consistently held that plea agreement waivers of § 2255 rights are enforceable. Davila v. United States, 258 F.3d 448, 450 (6th Cir. 2001); Cox v. United States, 695 F. App'x 851, 853 (6th Cir. 2017). The court recently reiterated its "previous holdings that a Johnson-based collateral attack on an illegal sentence does not undermine the knowing and voluntary waiver of 'any right, even a constitutional right, by means of a plea agreement.'" Slusser v. United States, --- F.3d ---, No. 17-5070, 2018 WL 3359112, at *2 (6th Cir. July 10, 2018) (quoting Cox, 695 F. App'x at 853); see also United States v. Morrison, 852 F.3d 488, 490-91 (6th Cir. 2017) ("[A]fter the Supreme Court voided for vagueness the 'residual clause' in the ACCA's definition of 'violent felony,' courts routinely enforced the appeal waivers of prisoners who stood to benefit." (internal citation omitted)); Cox, 695 F. App'x at 853 (enforcing waiver even though "Cox may not have known at the time of his plea that the Supreme Court would change the law in the way it did in Johnson"); In re Garner, 664 F. App'x 441, 443-44 (6th Cir. 2016) (denying petitioner authorization to file a successive § 2255 petition raising a Johnson-based challenge to the analogous provision in the U.S.S.G. because petitioner had waived his right to pursue such a § 2255 claim in his plea agreement). As the court explained, "[a] voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" Slusser, 2018 WL 3359112, at *2 (quoting

3

Morrison, 852 F.3d at 490). "By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." Morrison, 852 F.3d at 490 (citing Bradley, 400 F.3d at 464). "The subsequent developments in this area of the law 'do[ ] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature.'" Slusser, 2018 WL 3359112, at *2 (quoting Bradley, 400 F.3d at 463).

Petitioner does not challenge that his Plea Agreement, including his waiver of the right to collaterally attack his conviction under § 2255, was entered into knowingly and voluntarily. Although Petitioner may not have known of the future Johnson jurisprudence at the time of his plea, he knew that § 2255 afforded him an avenue to subsequently challenge his sentence as unlawful and he knowingly chose to waive his right to seek § 2255 relief except on very limited bases not at issue here. The Court, therefore, will enforce Petitioner's waiver and will not reach the merits of Petitioner's § 2255 Motion.

B. Certificate of Appealability

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner has not satisfied this standard and thus a certificate of appealability will be denied.

III.     Conclusion

For the reasons discussed above, Petitioner's § 2255 motion (Doc. No. 1) will be **DISMISSED WITH PREJUDICE**. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will be **DENIED**. 28 U.S.C. § 2253(c).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE